UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NO SUMMONS ISSUED**

Michael McDonald,

    Plaintiff,

-v.-

The City of New York,
Police Officer Ferrari Shield No. 30978 in his personal and professional capacity,
Police Officer Boneta Shield No. 14459 in her personal and official capacity, Police Officers John Doe #1-10 in his personal and official capacity, John and Jane Doe in their personal and official capacity,

    Defendants.

**CV 12 3617**

Case Number: _____

JOHNSON, J.

MANN, M.J.

---

### - COMPLAINT -

Plaintiff MICHAEL MCDONALD, by his attorney, André Soleil, Esq., complains of the Defendants and states as follows:

### - PARTIES, JURISDICTION AND VENUE -

1. Plaintiff Michael McDonald (hereinafter "Plaintiff") is over the age of 18, a citizen of the United States of America and resides in Queens, New York.

2. Defendant The City of New York was and is a governmental/municipal corporation of the State of New York, a sovereign state of the United States of America, with its headquarters at New York City Hall, City, County and State of New York, Borough of Manhattan, and subject to the Constitution of the United States of America at all times herein mentioned.

3. Upon information and belief, Defendant Ferrari was and is an employee of the New York City Police Department in the City of New York.

4. Upon information and belief, Defendant Boneta was and is an employee of the New York City Police Department of the City of New York ("NYPD").

5. Upon information and belief, Defendants John and Jane Doe were and are Emergency Medical Technicians.

6. The claims arise under the CONSTITUTION OF THE UNITED STATES, FOURTEENTH AMENDMENT; the CONSTITUTION OF THE UNITED STATES, FIFTH AMENDMENT, incorporated into the FOURTEENTH AMENDMENT to apply to the several States; the CONSTITUTION OF THE UNITED STATES, FOURTH AMENDMENT, as incorporated into the FOURTEENTH AMENDMENT to apply to the several States; 42 U.S.C. §1983; and other provisions of State and Federal law.

7. This Court has jurisdiction through the GENERAL FEDERAL QUESTION STATUTE, 28 U.S.C. §1331; the CIVIL RIGHTS JURISDICTION STATUTE, 28 U.S.C. §1331; and the SUPPLEMENTAL JURISDICTION STATUTE, 28 U.S.C. §1367.

- FACTS COMMON TO ALL CLAIMS -

8. On or about October 27, 2011, at approximately 11:00 AM, Plaintiff was at home preparing for work. Plaintiff and Joanna Wilson, his sister, began to argue and she eventually called the police.

9. On or about 12:00 PM, a police cruiser along with an Emergency Medical Services ("EMS")vehicle arrived at Plaintiff's abode. P.O. Ferrari and P.O. Boneta arrived in the police cruiser vehicle to respond to the incident. P.O. Ferrari asked Plaintiff to step outside.

10. Once outside, P.O. Ferrari and P.O. Boneta wrestled Plaintiff to the ground and began punching him. P.O. Ferrari, P.O. Boneta, and several other police officers

began kicking and punching Plaintiff. John and Jane Doe joined in the foray and brutally beat up the Plaintiff.

11. Defendants P.O. Ferrari and P.O. Boneta also rubbed Plaintiff's face into the concrete, causing bruising on his face and neck.

12. Several police officers of the NYPD peeled Plaintiff off the cement and handcuffed him. After Plaintiff complained of the cuffs being too tight, Police Officer Ferrari tightly secured tape around Plaintiff's mouth and nose.

13. Police Officer Ferrari, along with several other NYPD members, then placed Plaintiff in a body bag and placed him into the EMS vehicle. Before sealing the body bag, they covered Plaintiff's eyes with tape.

14. EMS worker John Doe then drove Plaintiff to Jamaica Hospital.

15. Upon arrival at the hospital, members of the hospital staff unsealed the bodybag and Police Officer Boneta removed the tape from Plaintiff's eyes.

16. Shortly thereafter, NYPD officers checked Plaintiff into the emergency room for treatment of his injuries. He was handcuffed to a bed and not allowed to move or leave the room.

17. Plaintiff requested medical treatment for his injuries. However, the treating physician refused to give Plaintiff any medical attention for his injuries.

18. The medial personnel of Jamaica Hospital discharged Plaintiff without giving him any medical treatment for his injuries.

19. NYPD police officers took Plaintiff back to the 113th Precinct Stationhouse where they released him.

20. Plaintiff was never charged with any crimes as a result of this incident.

21. No one explained the reason or basis for the arrest and subsequent release.

### -AS AND FOR A FIRST CAUSE OF ACTION-REFUSING OR NEGLECTING TO PREVENT HARM-

22. At all times relevant to this Complaint, Defendants P.O. FERRARI, P.O. BONETA, and P.O. DOE # 1-10 were and are employed by, and acting under the direction and control of, Defendant NYC.

23. Acting under color of law and pursuant to official policy or custom, Defendant NYC knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 in their duties and on a continuing basis, to refrain from:

    (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

    (b) unlawfully and maliciously prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

    (c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New York; and

    (d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

24. Defendants NYC have the powers and duties to instruct, supervise, control, and discipline on a continuing basis police officers of NYPD. Defendants NYC had knowledge, or should have had knowledge of the training habits, conduct,

demeanor and discipline of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

25. Had Defendants NYC diligently exercised those duties to instruct, supervise, control, and discipline on a continuing basis, when the wrongs conspired to be done, as heretofore alleged, were about to be committed, such Defendants would have had the power to prevent or aid in preventing the commission of said wrongs, or could have done so by reasonable diligence. Defendants NYC knowingly, recklessly, or with gross negligence, failed or refused to prevent or aid in the prevention of the commission of said wrongs.

26. Defendants NYC directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 heretofore described.

27. As a direct and proximate cause of the negligent and/or intentional acts of Defendants NYC as set forth in the Paragraphs above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

28. THEREFORE, Plaintiff demands judgment against Defendants NYC, P.O. FERRARI, P.O. BONETA, and P.O. DOE # 1-10, jointly and severally, for actual, general, special, compensatory, and prospective damages in the amount of $10,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000,000.00,

plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### -AS AND FOR A SECOND CAUSE OF ACTION-COMMON NEGLIGENCE-

29. Plaintiff repeats and re-alleges and incorporates by reference the allegations in Paragraphs 1 through 28 above with the same force and effect as if herein set forth.

30. Defendant NYC has a duty to stop and search potential criminal perpetrators only where there is a reasonable suspicion of criminal wrongdoing.

31. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 breached their duty to stop under reasonable suspicion of criminal wrongdoing.

32. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 have a duty to arrest potential criminal perpetrators only where there is probable cause of criminal wrongdoing.

33. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 breached their duty to arrest by detaining, handcuffing and subduing Plaintiff without probable cause of criminal wrongdoing.

34. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 have a duty to use only enough force as necessary to effectuate and arrest and ensure their personal and public safety.

35. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 breached their duty to abstain from excessive force when they threw Plaintiff on the floor and beat him up.

36. Plaintiff's interest in his personal liberty was harmed as a direct and proximate result of egregious conduct described herein of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

37. Plaintiff was physically harmed and publically humiliated as a direct and proximate result egregious conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

38. Plaintiff suffers extreme emotional distress as a direct and proximate cause of the negligent conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

39. Since the infliction of this physical and emotional injury took place incident to the conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 who were acting in their capacities as policemen and therefore were state actors operating under color of law, Plaintiff was deprived of his liberty interest in his freedom under the Fourteenth Amendment; his life interest in his bodily integrity under the Fourteenth Amendment; his right not to be deprived of his liberty without due process of law under the Fifth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors; and his right against unlawful search and seizure under the Fourth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors.

40. THEREFORE, Plaintiff demands judgment against Defendants NYC, P.O. FERRARI, P.O. BONETA, and P.O. DOE # 1-10 jointly and severally, for actual, general, special, compensatory, and prospective damages in the amount of $10,000,000.00, and further demands judgment against each of said Defendants,

jointly and severally, for punitive damages in the amount of $100,000,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### -AS AND FOR A THIRD CAUSE OF ACTION-GROSS NEGLIGENCE-

41. Plaintiff repeats and re-alleges and incorporates by reference the allegations in Paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 have a duty to use only enough force as necessary to effectuate and arrest and ensure their personal and public safety.

43. Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 breached their duty to abstain from excessive force when they threw Plaintiff on the cement, kicked and forcefully stomped him before placing him in a bodybag, thereby acting with reckless disregard to the obvious harm to Plaintiff that would result by their actions.

44. Plaintiff's interest in his personal liberty was harmed as a direct and proximate result of the grossly negligent and reckless conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

45. Plaintiff was physically harmed as a direct and proximate result of the grossly negligent and reckless conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10.

46. Since the infliction of this physical injury took place incident to the conduct of Defendants P.O. FERRARI, P.O. BONETA and P.O. DOE # 1-10 who were

acting in their capacities as policemen and therefore were state actors operating under color of law, Plaintiff was deprived of his liberty interest in his freedom under the Fourteenth Amendment; his life interest in his bodily integrity under the Fourteenth Amendment; his right not to be deprived of his liberty without due process of law under the Fifth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors; and his right against unlawful search and seizure under the Fourth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors.

47. THEREFORE, Plaintiff demands judgment against Defendants NYC, P.O. FERRARI, P.O. BONETA, and P.O. DOE # 1-10, jointly and severally, for actual, general, special, compensatory, and prospective damages in the amount of $10,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### -AS AND FOR A FOURTH CAUSE OF ACTION- GROSS NEGLIGENCE -

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. Defendants JOHN and JANE DOE breached their duty to abstain from excessive force when they threw Plaintiff on the floor and beat him up.

50. Plaintiff's was emotionally, mentally and phsycially harmed as a direct and proximate result of egregious conduct described herein of Defendants JOHN and JANE DOE.

51. Plaintiff was physically harmed and publically humiliated as a direct and proximate result egregious conduct of Defendants JOHN and JANE DOE.

52. Plaintiff suffers extreme emotional distress as a direct and proximate cause of the negligent conduct of Defendants JOHN and JANE DOE.

53. THEREFORE, Plaintiff demands judgment against Defendants JOHN and JANE DOE jointly and severally, for actual, general, special, compensatory, and prospective damages in the amount of $10,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### -AS AND FOR A FIFTH CAUSE OF ACTION- FALSE IMPRISONMENT-

54. Plaintiff repeats and re-alleges and incorporates by reference the allegations in Paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55. False imprisonment is a restraint of a person in a bounded area without justification or consent.

56. The false and wrongful imprisonment of Plaintiff is evidenced by the fact that only because Defendants NYC, P.O. FERRARI, P.O. BONETA, acting under color of law, restrained in a bounded area because he was unable to move.

57. Defendants NYC, P.O. FERRARI, P.O. BONETA wrongfully imprisoned and detained Plaintiff when they caused him to be sedated without consent, justification, or medical necessity against Plaintiff's protest.

58. Since Defendants NYC, Defendants NYC, P.O. FERRARI, P.O. BONETA were acting in their official capacities as policemen, allowing NYC to use Jamaica Hospital as the jail for Plaintiff, each were state actors operating under color of law, Plaintiff was deprived of his liberty interest in his freedom under the Fourteenth Amendment; his life interest in her bodily integrity under the Fourteenth Amendment; his right not be deprived of his liberty and property without due process of law under the Fifth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors; and his right against unlawful search and seizure under the Fourth Amendment, as incorporated by the Fourteenth Amendment to apply to the states and state actors.

59. THEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special, compensatory, and prospective damages in the amount of $10,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

-RIGHT TO AMEND-

60. Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual allegations and claims contained herein, based upon

information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment: (a) in the amount of $440,000,000.00 (US) for the intentional and negligent acts of the Defendants NYC, P.O. FERRARI, P.O. BONETA, and P.O. DOE # 1-10 (b) in the amount of $110,000,000.00 (US) for the medical negligent acts of the Defendants John and Jane Doe, and (c) for such other and further relief as may be deemed to be just and equitable.

                                                Respectfully Submitted and
Affirmed on Penalty of Perjury by
André Ramón Soleil, an Attorney
Duly Admitted to Practice Before the
Courts of the State of New York,

Dated:      Brooklyn, New York
               May 17, 2012

                                                A.R. Soleil & Company, P.C.
ATTORNEYS FOR PLAINTIFF
By: André Soleil, Esq.
32 Court Street, Suite 1107
Brooklyn, NY 11201
(718) 522-0103 *ph*
(718) 705-4397 *fax*